### COHEN et al. v. LUNDBERG.

(Supreme Court, Appellate Term. February 8, 1912.)

COURTS (§ 189*)—MUNICIPAL COURTS—JUDGMENT—BODY EXECUTION.
> Under the direct terms of Municipal Court Act (Laws 1902, c. 580) § 251, no body execution lies under a judgment which does not provide for arrest and imprisonment.
> [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Meyer Cohen and another against Arthur Lundberg. Judgment for plaintiffs, and defendant appeals. Affirmed.

Argued January term, 1912, before SEABURY, GERARD, and HOTCHKISS, JJ.

Harold A. Andrewes, for appellant.
Herman S. Fried, for respondents.

PER CURIAM. The complaint in this action was oral and the claim "conversion." It was conceded upon the trial that, if the plaintiffs were entitled to recover anything, it was the sum of $164.48, for which sum judgment was rendered. An examination of the record discloses that the plaintiffs failed to prove any conversion of the goods received by the defendant, but proved sufficient to enable them under the concession of record to recover the said sum of $164.48. The judgment makes no provision for the arrest and imprisonment of the defendant, and under its present form no body execution could (section 251, Municipal Court Act [Laws 1902, c. 580]), and none should, be issued.

To that end, therefore, the pleadings are amended to conform to the proof, and the judgment affirmed, with costs.